# COURT OF APPEALS OF VIRGINIA

## Record No. 0099-25-1

JAVON JEROME REAP

v.

COMMONWEALTH OF VIRGINIA

Present: Judges Causey, White and Frucci

Opinion Issued July 14, 2026[*]

**FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK**
Robert B. Rigney, Judge

(Harry Dennis Harmon, Jr., on brief), for appellant.

(Jason S. Miyares,[1] Attorney General; Elizabeth Kiernan Fitzgerald, Assistant Attorney General, on brief), for appellee.

## MEMORANDUM OPINION
## PER CURIAM

A jury convicted Javon Jerome Reap of second-degree murder and using a firearm in the commission of a felony. The trial court sentenced Reap to 28 years of imprisonment with 6 years and 1 month suspended. On appeal, Reap contends that the trial court erred in denying his motion to strike because the evidence was insufficient to prove that he acted with malice. We find no trial court error and affirm the judgment.[2]

---

[*] This opinion is not designated for publication. *See* Code § 17.1-413(A).

[1] Jay C. Jones succeeded Jason S. Miyares as Attorney General on January 17, 2026.

[2] Having examined the briefs and record in this case, the panel unanimously agrees that oral argument is unnecessary because "the facts and legal arguments are adequately presented in the briefs and record, and the decisional process would not be significantly aided by oral argument." *See* Code § 17.1-403(ii)(c); Rule 5A:27(c).

BACKGROUND

"In accordance with familiar principles of appellate review, the facts will be stated in the light most favorable to the Commonwealth, the prevailing party at trial." *Stilwell v. Commonwealth*, 80 Va. App. 278, 280 n.1 (2024) (quoting *Gerald v. Commonwealth*, 295 Va. 469, 472 (2018)). "On appeal, we discard any of appellant's conflicting evidence, and regard as true all credible evidence favorable to the Commonwealth and all inferences that may reasonably be drawn from that evidence." *Id.*

On the night of December 1, 2023, Reap shot and killed Antwain Curtis inside a 7-Eleven store on West Little Creek Road in Norfolk. Curtis died from a single gunshot wound to the chest.

Cynthia Byers was working as a cashier at the 7-Eleven when the shooting occurred. She saw J-Quan Reap (J-Quan), Reap's brother, enter the store with another man and go to the ATM. Curtis entered the store, and he appeared to notice the two men at the ATM. J-Quan and the other man walked to the door of the store, paused to talk for a moment, then went outside. Before J-Quan left the store, he looked over his shoulder and he and Curtis appeared to notice each other.

Curtis obtained a bottle of water from the cooler, then went to the counter to pay. J-Quan reentered the store. Reap, with his hands in his pockets, entered the store several seconds after J-Quan and exchanged words with Curtis. Within 12 seconds of entering the store, Reap pulled out a gun and shot Curtis in the chest. Curtis fell to the floor, and Reap fled. J-Quan followed Reap out the door; they entered a vehicle and left the scene together.[3]

---

[3] The shooting was captured by surveillance cameras located in the store, and the Commonwealth introduced the video of the incident at trial.

Curtis died from his gunshot wound. A search of his body and clothing revealed that he had not possessed a gun. When he was killed, Curtis was wearing black clothing.

Using information about the vehicle in which Reap had fled, the police determined its license plate number through the locality's FLOCK camera system. The police located the vehicle in Courtland, Virginia, on December 13, 2023. Two damaged cell phones were in the car, as well as J-Quan's birth certificate, a document bearing Reap's name, and four bullets.

The police arrested Reap in New York several months later. The search of Reap's cell phone records indicated that his phone was in the vicinity of the 7-Eleven at the time of the shooting. Afterward, the phone moved toward Franklin, Virginia, where Reap's mother lived.

Testifying in his own behalf, Reap said that he, J-Quan, and J-Quan's friend "Nico" stopped at the 7-Eleven so that J-Quan could get money from the ATM. J-Quan and Nico entered the store, but J-Quan did not have the correct card to use at the ATM. After getting a different card from the vehicle, J-Quan returned to the store to complete his transaction. Reap went inside the store to get some food. According to Reap, as he walked straight ahead toward the location of the grill, Curtis said "What's popping." According to Reap, Curtis also said that he would "do [him] dirty," meaning that Curtis wanted to hurt or kill him. Reap said that Curtis had moved out of the checkout line, appeared threatening, and Curtis's saliva was "getting on [his] face." Reap said he "feared for [his] life" because Curtis's statement had special meaning for the Bloods gang in Norfolk; members of that gang were known for violence and carrying guns.[4] Concerned that Curtis was armed, Reap pulled out the gun that he carried for his protection.[5] Reap immediately fired at Curtis once, claiming that was "all [he] needed" to

---

[4] Reap admitted that Curtis was not wearing the red clothing characteristically worn by members of the Bloods gang.

[5] Reap claimed that both his brother and father were murdered by members of the Bloods and the killings went unsolved by the police.

protect himself.  Reap fled the store, sold his gun, and left town after the shooting to avoid retaliation.

The jury convicted Reap of second-degree murder and using a firearm in the commission of a felony.  This appeal followed.

ANALYSIS

"When an appellate court reviews the sufficiency of the evidence underlying a criminal conviction, its role is a limited one."  *Commonwealth v. Garrick*, 303 Va. 176, 182 (2024).  "The judgment of the trial court is presumed correct and will not be disturbed unless it is 'plainly wrong or without evidence to support it.'"  *Pijor v. Commonwealth*, 294 Va. 502, 512 (2017) (quoting Code § 8.01-680).  "Thus, 'it is not for this [C]ourt to say that the evidence does or does not establish [the defendant's] guilt beyond a reasonable doubt because as an original proposition it might have reached a different conclusion.'"  *Commonwealth v. Barney*, 302 Va. 84, 97 (2023) (alterations in original) (quoting *Cobb v. Commonwealth*, 152 Va. 941, 953 (1929)).

The only relevant question for this Court on review "is, after reviewing the evidence in the light most favorable to the prosecution, whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."  *Id.* (quoting *Sullivan v. Commonwealth*, 280 Va. 672, 676 (2010)).  "If there is evidentiary support for the conviction, 'the reviewing court is not permitted to substitute its own judgment, even if its opinion might differ from the conclusions reached by the finder of fact at the trial.'"  *McGowan v. Commonwealth*, 72 Va. App. 513, 521 (2020) (quoting *Chavez v. Commonwealth*, 69 Va. App. 149, 161 (2018)).

"[I]n Virginia, criminal homicide is divided into two categories: murder and manslaughter.  'Murder' is the unlawful killing of another with malice.  'Manslaughter, on the

other hand, is the unlawful killing of another without malice.'" *Dandridge v. Commonwealth*, 72 Va. App. 669, 681 (2021) (quoting *Canipe v. Commonwealth*, 25 Va. App. 629, 642 (1997)).

Conceding that he shot Curtis, Reap contends that the evidence was insufficient to prove that he acted with malice. "Malice inheres in the 'doing of a wrongful act intentionally, or without just cause or excuse, or as a result of ill will.'" *Tizon v. Commonwealth*, 60 Va. App. 1, 11 (2012) (quoting *Dawkins v. Commonwealth*, 186 Va. 55, 61 (1947)). "Whether or not an accused acted with malice is generally a question of fact and may be proved by circumstantial evidence." *Palmer v. Commonwealth*, 71 Va. App. 225, 237 (2019) (quoting *Canipe*, 25 Va. App. at 642). "[M]alice may be either express or implied by conduct." *Watson-Scott v. Commonwealth*, 298 Va. 251, 256 (2019) (quoting *Essex v. Commonwealth*, 228 Va. 273, 280 (1984)). Specifically, "[m]alice may be inferred from the deliberate use of a deadly weapon." *Luck v. Commonwealth*, 32 Va. App. 827, 834 (2000).

To determine Reap's culpability for the killing, the jury was required to determine his state of mind at the time of the shooting. *See, e.g.*, *Dandridge*, 72 Va. App. at 681-82 (explaining that a malicious homicide is murder and an intentional killing done without malice in the heat of passion is voluntary manslaughter). Consistent with determining state of mind, the jury also had to decide whether Reap acted out of fear for his safety. *See, e.g.*, *Hines v. Commonwealth*, 292 Va. 674, 679 (2016).

If the jury determined that Reap shot Curtis out of fear, it was tasked with deciding whether Reap acted appropriately in self-defense. To support a claim of self-defense, an accused must show that "he reasonably feared death or serious bodily harm at the hands of his victim." *Id.* The defense also requires a finding that the degree of force used was "necessary to repel the aggressor." *Id.* In addition, an accused claiming self-defense must establish "'that he was in imminent danger of harm' by showing 'an overt act or other circumstance that afford[ed] an

immediate threat to safety.'" *Jones v. Commonwealth*, 71 Va. App. 70, 86 (2019) (quoting *Carter v. Commonwealth*, 293 Va. 537, 544 (2017)). "An overt act is an act suggesting present danger which 'afford[s] a reasonable ground for believing there is a design . . . to do some serious bodily harm, and imminent danger of carrying such design into immediate execution.'" *Id.* (alterations in original) (quoting *Commonwealth v. Sands*, 262 Va. 724, 729 (2001)). "'[B]are fear that a person intends to inflict serious bodily injury on the accused, however well-grounded,' is insufficient without an overt act." *Id.* (alteration in original) (quoting *Yarborough v. Commonwealth*, 217 Va. 971, 975 (1977)). Finally, "[w]hether an accused prove[d] circumstances sufficient to create a reasonable doubt that he acted in self-defense is a question of fact." *Meade v. Commonwealth*, 74 Va. App. 796, 807 (2022) (quoting *Bell v. Commonwealth*, 66 Va. App. 479, 486 (2016)).

The jury was not required to accept Reap's claim that he shot Curtis in self-defense and out of fear for his own safety. Determining witness credibility "is within the exclusive province of the [fact finder], which has the unique opportunity to observe the demeanor of the witnesses as they testify." *Dalton v. Commonwealth*, 64 Va. App. 512, 525 (2015) (quoting *Lea v. Commonwealth*, 16 Va. App. 300, 304 (1993)). The fact finder "[i]s free to believe or disbelieve, in part or in whole, the testimony of any witness." *Bazemore v. Commonwealth*, 42 Va. App. 203, 213 (2004) (en banc); *see Rollston v. Commonwealth*, 11 Va. App. 535, 547 (1991). When the trier of fact has resolved credibility issues in favor of the Commonwealth, "those findings will not be disturbed on appeal unless plainly wrong." *Towler v. Commonwealth*, 59 Va. App. 284, 291 (2011) (quoting *Corvin v. Commonwealth*, 13 Va. App. 296, 299 (1991)). In addition, "[i]n its role of judging witness credibility, the fact finder is entitled to disbelieve the self-serving testimony of the accused and to conclude that the accused is lying to conceal his guilt."

*Flanagan v. Commonwealth*, 58 Va. App. 681, 702 (2011) (quoting *Marable v. Commonwealth*, 27 Va. App. 505, 509-10 (1998)).

The evidence proved that J-Quan, after noticing Curtis in the 7-Eleven, exited the store and returned to the car, where Reap was waiting. J-Quan reentered the store, and Reap followed quickly behind. Reap, with his hands in his pockets, walked straight toward Curtis, who was at the checkout counter. Reap and Curtis exchanged words, but Curtis did not threaten Reap with a gun or any other weapon. Curtis was not wearing the characteristic color of the Bloods gang, and gave no outward appearance that he was a member of that group. The video showed that within seconds after Reap entered the store, and without provocation, he pulled out a gun and shot Curtis pointblank in the chest. Reap and J-Quan fled the scene. Reap sold his gun and eluded arrest by leaving the state. Considering all these facts and circumstances, a reasonable finder of fact could conclude beyond a reasonable doubt that Reap acted with malice, and not in self-defense, when he shot Curtis, and that he was guilty of second-degree murder and the associated firearm charge.

CONCLUSION

For the foregoing reasons, we affirm the trial court's judgment.

*Affirmed.*